DAVID A. ROSENBERG
Nevada Bar No. 10738
U.S. BANKRUPTCY TRUSTEE
5030 Paradise RD., #B-215
Las Vegas, NV 89119
Telephone: (702) 405-7312
Fax: (702) 947-2244
darosenberg@7trustee.net

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In RE:<br><br>**JERRY W. PENN**<br>**LINDA M. PENN,**<br><br>         Debtor. | Case No.: BK-S-13-10298 MKN<br><br>IN PROCEEDINGS UNDER CHAPTER 7<br><br>**MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. §§ 343 AND 521; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date**: July 18, 2013<br><br>**Time**: 11:00 a.m. |

     David A. Rosenberg, Chapter 7 Trustee ("Trustee") for the above-entitled bankruptcy estate ("Estate"), respectfully submits his *Motion to Dismiss Case Pursuant to 11 U.S.C. §§ 343 and 521; Memorandum of Points and Authorities in Support Thereof* ("Motion"). This motion is based upon the attached points and authorities, the declaration contained at the end of the pleading, a request for judicial notice of all pleadings filed in this case, as well as any oral argument that this Court may permit.

     This Motion is brought because the Debtor is causing unreasonable delay in the case by (1) failure to attend five scheduled 341(a) Meetings of Creditors, and (2) failure to provide federal tax returns for the most recent tax year ending immediately before the commencement of the case ("Tax Returns").

## MEMORANDUM OF POINTS AND AUTHORITES

### I. STATEMENT OF FACTS

1. Debtor filed for relief under chapter 7 of the Bankruptcy Code on January 14, 2013.

2. David A. Rosenberg is the duly appointed Trustee in this case.

3. The first Meeting of Creditors was initially scheduled for February 15, 2013.

4. The Debtor failed to appear at the first scheduled § 341(a) Meeting of Creditors.

5. The Trustee continued the February 15, 2013, Meeting until March 8, 2013.

6. The Debtor failed to appear at the Meeting of Creditors on March 8, 2013.

7. The Trustee continued the Meeting until March 22, 2013.

8. Counsel for the Debtor was contacted and indicated that they would be filing a voluntary motion to dismiss the instant case.

9. The Debtor failed to appear at the March 22, 2013, Meeting.

10. The Trustee continued the Meeting until April 19, 2013.

11. On April 3, 2013, the Debtor filed a motion to voluntarily dismiss their case [Dkt. No. 15], and a hearing was scheduled for May 8, 2013.

12. The Debtor failed to appear at the April 19, 2013, Meeting of Creditors.

13. The Trustee continued the Meeting until May 17, 2013.

14. After May 8, 2013, counsel for the Debtor was contacted and reminded to upload an order granting the voluntary motion to dismiss.

15. On May 17, 2013, the Debtor failed to appear at the Meeting of Creditors, and no order had been uploaded regarding the motion to dismiss.

16. The Trustee continued the Meeting until June 14, 2013.

17. Debtor has failed to provide the Trustee with any supporting documentation. Among the documents requested (and not received) were Debtor's Tax Returns (11 U.S.C. § 521(e)(2)(A)(i)).

18. The Bankruptcy Code requires that the Debtor cooperate fully with the Trustee in the administration of the Estate (11 U.S.C. § 521(3)).

19. The Trustee has received no funds or other assets to administer in the Estate.

## II. LEGAL ARGUMENTS

11 U.S.C. § 343 provides in part that "the debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title."

11 U.S.C. § 521(e)(2)(A)(i) provides that the Debtor shall provide "not later than 7 days **before the date first set for the first meeting of creditors**, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed[.]" (*Emphasis added*.)

11 U.S.C. § 531(3) provides that the Debtor shall "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title."

## III. CONCLUSION

Pursuant to 11 U.S.C. §§ 343 and 521, the Debtor's failure to attend five (5) scheduled Meetings of Creditors, as well as his failure to provide Tax Returns, is cause for this Court to dismiss this case, and grant any such other relief as the Court may deem appropriate in the circumstances.

**WHEREFORE**, the Trustee respectfully requests this Court enter an Order dismissing the above-entitled case.

**DATED**: June 14, 2013

                                            Respectfully Submitted by:
                                            **U.S. BANKRUPTCY TRUSTEE**
                                            */s/ David A. Rosenberg*
                                            David A. Rosenberg, Trustee

## DECLARATION

I declare, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge, information, and belief.

                                            */s/ David A. Rosenberg*
                                            David A. Rosenberg, Trustee